UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVIS TRUCKING, LLC, | Case No. 10-CV-337-AJB (JMA) |
| Plaintiff, | **ORDER GRANTING JOINT MOTION TO EXTEND DEADLINES [Doc. 45];** |
| v. | |
| CPR TRANSPORTATION, LLC, et al., | **THIRD AMENDED SCHEDULING ORDER** |
| Defendants. | |
| AND RELATED COUNTERCLAIM. | |

On May 13, 2011, the parties filed a Joint Motion to Extend Expert Report, Discovery, and Motion Deadlines. Upon good cause appearing, the parties' joint motion is **GRANTED**. Additionally, because a continuance of the expert report, discovery, and motion deadlines necessitates a continuance of the remainder of the schedule, and in view of the recent transfer of this matter to the calendar of the Honorable Anthony J. Battaglia, the Court hereby issues an amended scheduling order, as set forth in further detail below.

**IT IS HEREBY ORDERED:**

1. A telephonic Case Management Conference shall be held before Magistrate Judge Adler on **August 25, 2011** at **9:30 a.m.** Counsel for each party shall

appear telephonically at this conference. The Court will initiate the conference call.

2. All expert disclosures required by Fed. R. Civ. P. 26(a)(2) shall be served on all parties on or before **October 14, 2011**. Any contradictory or rebuttal information shall be disclosed on or before **November 10, 2011.** In addition, Fed. R. Civ. P. 26(e)(1) imposes a duty on the parties to supplement the expert disclosures made pursuant to Fed. R. Civ. P. 26(a)(2)(B) by the time that pretrial disclosures are due under Fed. R. Civ. P. 26(a)(3) (discussed below). This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.

**Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.**

3. All discovery, including expert discovery, must be completed by all parties on or before **December 9, 2011**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cutoff date, *so that it may be completed* by the cutoff date, taking into account the times for service, notice, and response as set forth in the Federal Rules of Civil Procedure. Counsel must promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1 a. The Court's procedures for resolving discovery disputes are set forth in Judge Adler's Chambers Rules, which are posted on the Court's website. **A failure to comply in this regard will result in a waiver of a party's discovery issue. Absent an order of the Court, no stipulation continuing or altering this requirement will be recognized by the Court**.

//
//
//

4.	All dispositive motions, including those addressing Daubert issues, shall be filed on or before **January 9, 2012**.[1]  Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the Honorable Anthony J. Battaglia.

5.	A Mandatory Settlement Conference shall be conducted on **March 27, 2012** at **10:00 a.m.** in the chambers of Magistrate Judge Adler.  Counsel shall submit settlement statements **directly** to Magistrate Judge Adler's chambers no later than **March 20, 2012**.[2]  The parties may either submit confidential settlement statements or may exchange their settlement statements.  Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the Mandatory Settlement Conference. **The settlement conference briefs shall not be filed with the Clerk of the Court.**

**All named parties, all counsel, and any other person(s) whose authority is required to negotiate and enter into settlement shall appear in person at the conference.  The individual(s) present at the Mandatory Settlement Conference with settlement authority must have the unfettered discretion and authority on behalf of the party to:  1) fully explore all settlement options and to agree during the Mandatory Settlement Conference to any settlement terms acceptable to the party (*G. Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989)), 2) change the settlement position of a party during the course of the**

---

[1] Counsel should note that while historically motion cutoff deadlines issued by this Court were deadlines for motion hearings, the motion cutoff dates now being issued establish deadlines for the parties to file motions.

[2] Statements under 20 pages in length, including attachments and exhibits, may be delivered directly to chambers, e-mailed to efile_adler@casd.uscourts.gov, or faxed to (619) 702-9939.  Statements exceeding 20 pages in length, including attachments and exhibits, must be delivered directly to chambers.

**Mandatory Settlement Conference (*Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-86 (D. Ariz. 2003)), and 3) negotiate a settlement without being restricted by any predetermined level of authority (*Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 596 (8th Cir. 2001)).**

Governmental entities may appear through litigation counsel only.  As to all other parties, appearance by litigation counsel only is <u>not</u> acceptable.  Retained outside corporate counsel <u>shall not</u> appear on behalf of a corporation as the party who has the authority to negotiate and enter into a settlement.  **The failure of any counsel, party or authorized person to appear at the Mandatory Settlement Conference as required shall be cause for the immediate imposition of sanctions.**  All conference discussions will be informal, off the record, privileged, and confidential.

6.      The parties must comply with the pretrial disclosure requirements of Fed. R. Civ. P. 26(a)(3) no later than **April 13, 2012**.  **Please be advised that failure to comply with this section or any other discovery order of the Court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of designated matters in evidence**.

7.      This order replaces the requirements under Civil Local Rule 16.1.f.6.c.  No Memoranda of Contentions of Fact and Law are to be filed.

8.      The parties must meet and confer on or before **April 20, 2012**, and shall prepare a proposed pretrial order containing the following:

  a.      A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

  b.      A list of the causes of action to be tried, referenced to the Complaint [and Counterclaim if applicable].  For each cause of action, the order shall succinctly list the elements of the claim, damages and any defenses.  A cause of action in the Complaint [and/or Counterclaim] which is not listed shall be dismissed with prejudice.

  c(1).   A list, in alphabetical order, of each witness counsel actually expect

to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

       c(2).   A list, in alphabetical order, of each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

       c(3).   A list, in alphabetical order, of additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

       d(1).   A list of all exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit.

       d(2).   A list of all other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

       e.   A statement of all facts to which the parties stipulate.  This statement must be on a separate page and will be read to and provided to the jury.

       f.   A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial in lieu of live testimony.

The Court encourages the parties to consult with the assigned magistrate judge to work out any problems in preparation of the proposed pretrial order.  Judge Battaglia will entertain any questions concerning the conduct of the trial at the pretrial conference.

    9.   Counsel for the plaintiff must provide opposing counsel with the proposed pretrial order for review and approval and take any other action required by Local Rule 16.1.f.6.a on or before **April 27, 2012**.

    10.   Written objections, if any, to any party's Fed. R. Civ. P. 26(a)(3) pretrial disclosures shall be filed and served on or before **April 27, 2012**.  **Please be advised that the failure to file written objections to a party's pretrial disclosures may result in the waiver of such objections, with the exception of those made**

**pursuant to Rules 402 (relevance) and 403 (prejudice, confusion or waste of time) of the Federal Rules of Evidence.**

    11.    The Pretrial Order shall be lodged with the district judge's chambers on or before **May 4, 2012**.

    12.    The final Pretrial Conference is scheduled on the calendar of Judge Battaglia on **May 11, 2012** at **1:30 p.m.**  The trial date will be assigned by Judge Battaglia at the pretrial conference.

    13.    The dates and times set forth herein will not be modified except for good cause shown.

    14.    Plaintiff's(s') counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

DATED:  May 17, 2011

                                  Jan M. Adler
                                  U.S. Magistrate Judge